**NENG QUAN CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

**No. 02–4737–ag.**

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Charles T. Harden III, Assistant United States Attorney (Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Assistant United States Attorney, on the brief), Tampa, Florida, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Neng Quan Chen, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the immigration judge's ("IJ") decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). In this case, the IJ denied Chen's asylum claim because she found that Chen failed to provide credible testimony and sufficient documents to support his claims. This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir. 2005).

■ The IJ based her adverse credibility finding on numerous implausibilities and inconsistencies in Chen's testimony. For example, the IJ found that it was implausible that the Chinese government sought his wife for an intrauterine device insertion in 1976—three years before the Chinese family planning policy was officially enacted. This finding is supported by the record because the Profile of Asylum Claims Report confirms that the law was not enacted until 1979. In addition, the IJ noted that Chen was not credible because he did not provide sufficient details of his wife's sterilization procedure. Chen was not present at the sterilization, and he cannot be expected to re-count the situation as if he was, nor should he be expected to describe the sterilization procedure as if he were medically trained. However, Chen does have the burden of proving that his wife was in fact forcibly sterilized by the Chinese government, 8 U.S.C. § 1158(b)(1)(B)(i), and he provided no details about the sterilization.

These two findings go to the heart of Chen's claim that he is eligible for asylum because his wife was forcibly sterilized by the Chinese government, and they were

114

properly considered by the IJ. Although the IJ relied on additional factors, these are supported by substantial evidence in the record and sufficient to sustain the adverse credibility finding.

In addition to the adverse credibility finding, Chen challenges the IJ's corroboration requirement. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). Because of the widespread fabrication of medical records in the Fujian region, the IJ properly dismissed Chen's sterilization certificate and hospital report because they were not properly authenticated. *See* 8 C.F.R. § 287.6; *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005). Since Chen did not testify credibly or with sufficient detail, the IJ properly noted that Chen was unable to meet his burden without the submission of corroborating documents. Because the BIA and IJ properly determined that Chen should not be granted asylum, their denial of his withholding of removal claim was also proper.

■ The IJ denied Chen's CAT claim finding that Chen was unable to prove that it was more likely than not that he would be tortured if he returned to China. Chen testified that he feared being fined and imprisoned for violating China's exit laws. He did not argue that he would be imprisoned as a result of his wife's sterilization. The background documents state that the Chinese government has been cited for human rights abuses and that sometimes legal safeguards to protect individuals in detention are ignored or inconsistent. Despite this, Chen has failed to show that it is more likely than not that he, personally, would be tortured if he is detained. The background materials do not make clear that it is more likely than not that an individual in detention in China would be tortured; therefore, the IJ did not err in denying Chen's CAT claim.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).